IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

EDWARD LEE CARTER                                           PLAINTIFF

V.                            NO. 3:06CV00137 GTE

STATE OF ARKANSAS, et al                                DEFENDANTS

ORDER

On July 26, 2006, Plaintiff, at the time a pro se inmate confined to the Craighead County Detention Center, filed this 42 U.S.C. § 1983 civil rights action (docket entry #1). On August 7, 2006, he filed an addendum to his complaint (docket entry #2). Plaintiff did not submit the $350.00 statutory filing fee or an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. So that the Court could determine how the $350.00 filing fee would be paid, by order entered August 21, 2006 (docket entry #3), Plaintiff was directed to submit either the full statutory filing fee or to complete a calculation sheet, along with an application to proceed in forma pauperis, prepared and executed by an authorized official at the incarcerating facility. Pursuant to the Court's order, Plaintiff timely filed a properly completed application to proceed in forma pauperis in compliance with § 1915(a)'s requirements (docket entry #5); however, it had come to the Court's attention that Plaintiff was no longer incarcerated in the Craighead County Detention Center (see docket entry #2, notice of change of address; Arkansas Department of Correction website). Because it was unclear whether Plaintiff was currently entitled to proceed in forma pauperis, and since he had made no showing of indigency since his release from confinement, his original motion was denied as moot. By order entered September 13, 2006 (docket entry #6), Plaintiff was directed to complete and submit an attached financial affidavit on or

before October 13, 2006, if he wished to proceed with his lawsuit.  Plaintiff was additionally advised that his failure to timely comply with the Court's order would result in a dismissal of his case without prejudice.

The Court's September 13, 2006, order has not been returned and no responsive filing has been received from Plaintiff, despite the Clerk's certification that a copy of the order was mailed to him personally the same day as entered at his last given address in Hot Springs, Arkansas.  This case is therefore dismissed without prejudice due to Plaintiff's failure to prosecute the action diligently and his failure to comply with the Court's order. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

In accordance with the above, IT IS, THEREFORE, ORDERED that:

1. Plaintiff's case is hereby DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2. Any PENDING MOTIONS are DENIED AS MOOT.

     3.     This dismissal counts as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

DATED this 16th day of November, 2006.

                                       /s/ Garnett Thomas Eisele
                                UNITED STATES DISTRICT JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.